FILED
SUPERIOR COURT
OF GUAM

2013 DEC 12 AM 11: 04

CLERK OF COURT

Br:_____

## IN THE SUPERIOR COURT OF GUAM

FRANCISCO JUNIOR TENORIO CAMACHO, et al.,

              Plaintiffs,

vs.

VINCENT REYES, et al.,

              Defendants.

Civil Case no. CV0625-11

**DECISION AND ORDER**

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Plaintiffs' motion to amend complaint was taken under advisement by the Court on November 6, 2013. Plaintiffs are represented by attorney Phillip Torres. Defendants are represented by Louie J. Yanza. After having carefully considered, received, and reviewed the arguments, papers, and the file herein the Court hereby issues this decision and order DENYING Plaintiffs' request.

### BACKGROUND

This case arises out of Plaintiffs' April 6, 2011, Complaint for damages. In it Plaintiffs complain of acts negligence which caused the death of Victoria Camacho on July 27, 2010 after she was struck by a dump truck.

On February 20, 2013 Plaintiffs filed a paper entitled, Motion for Leave to File First Amended Complaint for Damages and Demand for Jury Trial. In it they request that they be allowed to amend their complaint to reflect recently discovered information. Plaintiffs' proposed first amended complaint would: add a cause of action against Defendant Smithbridge; add Atlas Coop as a Defendant; and clarify causes of action against the other Defendants. In support of this request Plaintiffs cite to Rule 15 of the Guam Rules of Civil Procedure and

argue that their request is permissible under the rule's justice standard. They also assert and reason that Defendants will not be meaningfully prejudiced by the amendments.

Defendants filed their opposition to Plaintiffs' request on September 20, 2013. In it Defendants argue and assert that:

1) Plaintiffs discovered the need for their proposed amendments in January of 2012 and that their delay in bringing the motion to amend is unjustifiable;

2) Allowing the amendment will prejudice them by significantly prolonging the litigation; and

3) The requested amendments fall outside of the scope of Rule 15's purpose to cure technicalities and allow for a disposition on the merits.

In support of their arguments Defendants cite to several cases where motions to amend were denied for a parties' undue delay, bad faith or dilatory motive. Plaintiffs did not file a paper in reply.

## DISCUSSION

Motions to amend a pleading are regulated by Rule 15 of the Guam Rules of Civil Procedure. Guam R. Civ. P. 15. In pertinent part it provides, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In 2005 the Guam Supreme Court outlined the factors a court is to consider when reviewing a request to amend a pleading. *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 2 ¶ 16. The *Arashi* Court held that assertions of, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," all mitigate against granting a party's motion to amend.

This matter has been pending for over two and one half years. As such it falls well outside of the Court's time standards for disposition of all non-criminal cases. Supreme Court of Guam Administrative R. 13-003. Despite any facts justifying this length of time the Parties have yet to complete discovery. Opp. at 8.

Defendants contend that Plaintiffs have been aware of the facts upon which their motion to amend is based for nearly two years or since January 7, 2012. Opp. at 5. Plaintiffs' request and papers contain no assertions to support an analysis under the *Arashi* factors. Mot. at 1-3. From the above facts and assertions is reasonable to surmise that the inclusion of an additional cause of action and party would significantly extend the disposition of this matter. Given these facts the Court is unable to conclude that allowing amendment of Plaintiffs' complaint would not unduly prejudice the Defendants or that Plaintiffs' request would not cause undue delay or is not unjustifiably dilatory.

## CONCLUSION

For the above reasons Plaintiffs' motion to amend is DENIED. Within 20 days of the entry of this order the Parties are further ordered to submit stipulated discovery termination, dispositive motion, and pretrial hearing dates. These shall be included in a proposed scheduling order.

SO ORDERED, this _____ day of _____, 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

DEC 0 2 2013

Clerk J. Mendiola
Deputy Clerk, Superior Court of Guam

Page 3 of 3